VERMONT SUPREME COURT
109 State Street
Montpelier VT 05609-0801
802-828-4774
www.vermontjudiciary.org

Case No.     23-AP-342



*Note: In the case title, an asterisk (\*) indicates an appellant and a double asterisk (\*\*) indicates a cross-appellant. Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

MAY TERM,   2024

Juanita Morris v. Peter Morris\*

}  APPEALED FROM:
}  Superior Court, Bennington Unit,
}  Family Division
}  CASE NO. 22-DM-02276
    Trial Judge: Howard A. Kalfus

In the above-entitled cause, the Clerk will enter:

Husband appeals a final divorce order, which awarded him approximately half of the marital estate and $2000 monthly in spousal maintenance.  Husband argues that the family division abused its discretion by failing to account for the husband's disparate income and the impact of retroactive or future child support on husband's financial situation.  We affirm.

The court found the following.  The parties were married in 1996 and have a daughter, who turned eighteen on the day of the final divorce hearing.  The parties separated in June 2022.  After the separation, wife and the parties' daughter moved to the parties' residence in Naples, Florida.  During the marriage, wife obtained a master's degree in social work and nursing.  At the time of the final hearing, she continued to work as a nurse practitioner, earning an average of $10,440 monthly.  She was fifty-two and in good health.

Husband remained at the marital home in Manchester, Vermont.  During the marriage, husband owned an assisted-living facility and owned and operated a nursing home.  Husband was seventy-three with some health issues at the time of the divorce hearing.  By the time of the final hearing, he had retired and closed both businesses, and his income was limited to Social Security.  He had sold or was in the process of selling the properties related to the businesses.

The parties largely agreed on the division of marital property.  In addition to the marital home and the Naples property, the parties had two time-shares and previously owned property in Georgia.  The parties agreed to sell the real property and to equally divide the proceeds.  They also agreed on the division of their vehicles, debts, personal property, and retirement accounts.  The main disagreement regarding property division was a life-insurance policy husband purchased for the benefit of his children—the parties' daughter and two children from a prior marriage.  The court found that the policy had an approximate cash value of $488,000.  Husband asked that it be awarded to him without assigning it any value as he had purchased it exclusively for the benefit of his children.  Wife agreed that the policy should be assigned to husband but argued that the amount should be credited to husband.

After weighing the statutory factors, the court divided the marital property largely equally. The court awarded husband the life-insurance policy and concluded that regardless of whether it credited the amount of the policy to husband, the result was fair and equitable. The court noted that if it considered the $488,000 value of the policy, this resulted in husband receiving 53.5% of the marital estate; whereas, if it did not consider the policy's value, husband received 46.1%. The court further found that husband's expenses exceeded his income and he was entitled to maintenance. Given the length of the marriage, husband's relatively lower income, retirement, and age, the court awarded husband spousal maintenance of $2000 a month for twelve years. Husband appeals.

The family division has broad discretion in dividing marital assets. Klein v. Klein, 150 Vt. 466, 468 (1988). The court's decision will be upheld unless it "fails to exercise its discretion or exercises it for clearly untenable reasons or to an untenable extent." Id. at 468-69. The family division also has "considerable discretion in determining the amount and duration of maintenance once grounds for the award are established under the statutory criteria, and a maintenance award will be set aside only if there is no reasonable basis to support it." Gravel v. Gravel, 2009 VT 77, ¶ 23, 186 Vt. 250.

Husband argues that the court's decision on property division was erroneous because the court did not consider how a retroactive child-support award would impact the redistribution of marital assets. The record indicates that wife's initial divorce complaint requested payment of child support. There was, however, no temporary child-support hearing during the pendency of the divorce. At the divorce hearing, husband did not request that the family division consider the impact of a possible child-support award on property division. To properly preserve an argument for appeal, it must be presented to the trial court. See LaRiviere v. Shea, 2023 VT 33, ¶ 11 (explaining that arguments "not raised or fairly presented to the trial court are not preserved for appeal" (quotation omitted)). Because husband did not raise this argument below, he failed to preserve it for appeal.

Husband similarly failed to preserve his argument regarding the impact of child support on the amount of spousal maintenance. Husband's other contentions regarding the spousal-maintenance award lack merit. Pursuant to statute, an award of maintenance is appropriate when one party lacks sufficient income or property to provide for the party's reasonable needs and the party is unable through employment to live "at the standard of living established during the . . . marriage." 15 V.S.A. § 752(a). There are several factors for the court to consider in determining the amount and duration of maintenance, including the parties' financial resources, the property division, the length of the marriage, the age and physical condition of the parties, and the standard of living established during the marriage. Id. § 752(b). In addition, the statute provides a guideline for the amount and length of maintenance depending on the length of the marriage. Id. § 752(b)(9).

Husband contends that the family division abused its discretion here by not fully explaining how it calculated the amount and length of maintenance. Husband argues that for a twenty-seven-year marriage, the guidelines recommend between 24% and 41%, and the court did not explain why it chose $2000, which was 24.7% of the difference in the parties' incomes. He asserts that the court should have given more consideration to his age and health status.

We conclude that the court acted well within its discretion. The guideline calculation is not "presumptive" and "a court need not justify a departure from the guideline range." Jaro v. Jaro, 2018 VT 105, ¶ 19, 208 Vt. 391. In any event, the amount of maintenance awarded here

was within the guideline range.  The court considered the statutory factors including the parties' relative incomes, health, age, and ability to acquire wealth.  Its decision was well within its discretion.  See <u>Gravel</u>, 2009 VT 77, ¶ 23 (explaining that family court has "considerable discretion" regarding amount and duration of spousal maintenance).

<u>Affirmed</u>.

BY THE COURT:

_____
Harold E. Eaton, Jr., Associate Justice


_____
Karen R. Carroll, Associate Justice


_____
William D. Cohen, Associate Justice